UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AUGUSTO SANTOS,<br>　　　　Plaintiff,<br>v.<br><br>MASSACHUSETTS PORT AUTHORITY<br>and KONE, INC.,<br>　　　　Defendants. | Civil Action No. _____ |

## NOTICE OF REMOVAL

To:　The Honorable Judges of the United States District Court for the District of Massachusetts

Pursuant to 28 U.S.C. §§ 1441 *et seq.*, defendant Massachusetts Port Authority ("Massport") hereby removes the action captioned <u>Augusto Santos v. Massachusetts Port Authority and Kone, Inc.</u>, SUCV2010-01929-D, now pending in the Massachusetts Superior Court, Suffolk County, to the United States District Court for the District of Massachusetts. In so doing, Massport states the following:

　　1.　On or about May 12, 2010, plaintiff Augusto Santos ("Santos"), filed an action in Massachusetts Superior Court, Suffolk County, seeking, among other things, damages in the amount of $75,000 for injuries sustained due to an alleged slip and fall on property located at Boston Logan Airport. A copy of all papers served on Massport are attached hereto as <u>Exhibit A.</u>

　　2.　In his Complaint, Santos alleges that he was caused to fall, and was seriously harmed, due to an alleged dangerous and/or hazard condition on a stopped escalator on Massport's premises.

1115584.1

3.      Santos identifies himself as a resident of Portugal. ¶ 1, Complaint. He identifies Massport as an independent public authority with a place of business in the Commonwealth of Massachusetts *Id.*, ¶ 2. Santos also identifies co-defendant, Kone, Inc., as a Foreign Corporation with a principal place of business in Braintree, MA *Id.*, ¶ 3.

4.      As a result, this Court has original subject matter jurisdiction over this action on the basis of 28 U.S.C. § 1332, as there is complete diversity of citizenship between Santos, Massport and Kone, and because the matter in controversy could exceed $75,000.

5.      Pursuant to 28 U.S.C. § 1446, Massport's notice of removal is timely as it is filed within thirty (30) days of receipt of the Complaint.

6.      Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal is being filed with the Massachusetts Superior Court.

7.      Pursuant to Local Rule 81.1, Massport will file certified or attested to copies of all papers that have been filed in Superior Court.

**WHEREFORE**, Massport respectfully requests that the above action now pending against it in the Suffolk County Superior Court in the Commonwealth of Massachusetts be removed therefrom to this Court.

MASSACHUSETTS PORT AUTHORITY

By its attorneys,

/ s / Kristin M. Knuuttila
Walter B. Prince, BBO #406640
wprince@princelobel.com
Kristin M. Knuuttila, BBO #633828
kknuuttila@princelobel.com
**PRINCE, LOBEL, GLOVSKY & TYE LLP**
100 Cambridge Street, Suite 2200
Boston, MA 02114
(617) 456-8000

Date: June 11, 2010

## CERTIFICATE OF SERVICE

I, Kristin M. Knuuttila, do hereby certify that on this day I gave notice of the foregoing NOTICE OF REMOVAL by mailing, postage prepaid, the same to:

>Stefani M. Field, Esq.
>Gold, Albanese & Barletti
>50 Congress Street, Suite 225
>Boston, MA 02109
>
>Kone, Inc.
>55 Brooks Drive
>Braintree, MA 02184
>
>Azores Express Tour, Inc.
>227 South Main Street
>Fall River, MA 02721

>/ s / Kristin M. Knuuttila
>Kristin M. Knuuttila

Date: June 11, 2010

# EXHIBIT A

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 10-1929-D

Augusto Santos , Plaintiff(s)

MAY 24'10 PM3:02

v.

RECEIVED

Massachusetts Port Authority & Kone Inc. , Defendant(s)

MASSPORT LEGAL DEPT

## SUMMONS

To the above-named Defendant: Massachusetts Port Authority

You are hereby summoned and required to serve upon Stefani M. Field, Esq. Gold, Albanese & Barletti plaintiff's attorney, whose address is 50 Congress St. Ste 225, Boston, MA 02109 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the _____ day of _____, in the year of our Lord two thousand _____.

Michael Joseph Donovan
Clerk/Magistrate

True Copy Attest:
5/24/10
Deputy Sheriff Suffolk County

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED.
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 10M - 8/09

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT
C. A. NO.

10 1929

MAY 24 '10 PM 3:03
RECEIVED
MASSPORT LEGAL DEPT

RECEIVED
MAY 13 2010
SUPERIOR COURT · CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

AUGUSTO SANTOS, )
)
    Plaintiffs, )
)
v. )
)
MASSACHUSETTS PORT AUTHORITY )
And KONE, INC. )
    Defendants. )
_____ )

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff, Augusto Santos, by his attorney, in the above-titled action, and hereby respectfully sets forth his allegations against the above named Defendants.

### PARTIES

1. The Plaintiff, Augusto Santos, is an individual residing in the Country of Portugal.

2. The Defendant, Massachusetts Port Authority is an independent public authority with a place of business at 1 Harborside Drive, East Boston, County of Suffolk and Commonwealth of Massachusetts.

3. The Defendant, Kone, Inc. is a Foreign Corporation with a principle business address of One Kone Court, Moline, in the State of Delaware, and with a Massachusetts business address of 55 Brooks Drive, Braintree, County of Norfolk.

4. The Defendant, Azores Express Tours, Inc. is a Domestic Profit Corporation with a business address of 227 South Main Street, Fall River, County of Bristol and Commonwealth of Massachusetts.

5. On or about August 11, 2007, and at times relevant hereto, the Plaintiff, Augusto Santos, was lawfully on the premises of Boston Logan International Airport/Massachusetts Port Authority.

6. On this date, the Plaintiff was caused to fall, and was seriously harmed, due to a dangerous and/or hazardous condition on a stopped escalator on the Defendant, Massachusetts Port Authority's, premises.

7. The Plaintiff sustained serious and permanent injuries as a result of the Defendants' negligence by allowing a dangerous defect and/or hazardous condition, of which they knew and/or should have known existed on the premises that the Defendants' managed and/or controlled.

## COUNT I-NEGLIGENCE
### (Augusto Santos v. Massachusetts Port Authority)

8. The Plaintiff re-alleges and incorporates by reference, as if more fully stated herein, paragraphs One (1) through Six (6) of the Complaint.

9. On or about August 11, 2007, the Defendant, Massachusetts Port Authority and/or its agents, servants and employees, owed a duty to the Plaintiff in their ownership, operation, management, supervision, inspection, maintenance, repair and/or control of their premises, and, further, were negligent and careless so that a dangerous, defective, hazardous and unsafe condition was caused and permitted to exist on their premises.

10. The Defendant owed a duty of reasonable care to the Plaintiff in maintaining their premises in a reasonably safe condition and owed him a duty to inspect the premises, to discover dangerous and/or hazardous conditions, to repair any and all dangerous and/or hazardous conditions and owed him a duty to warn of dangerous and/or hazardous conditions.

11. The Defendant breached its duty of care by negligently allowing a dangerous defect, of which they knew and/or should have known existed on the premises they managed and/or controlled.

12. As a direct and/or proximate cause of the negligence and careless acts and/or omissions of the Defendant, and/or their agents, servants and employees, the Plaintiff suffered severe, permanent and debilitating injuries and/or disfigurement; suffered great pain and anguish; was obligated to undergo medical and other needed care and therapy for his injuries; was required to incur large expenses for the treatment of said injuries; was incapacitated from continuing in his usual course of conduct and activities and was otherwise permanently and severely damaged in his bodily movements, functions and activities.

WHEREFORE, the Plaintiff demands judgment against the Defendant, Massachusetts Port Authority, for damages, together with interest and costs of suit.

## COUNT II-NEGLIGENCE
### (Augusto Santos v. Kone, Inc.)

13. The Plaintiff re-alleges and incorporates by reference, as if more fully stated herein, paragraphs One (1) through Eleven (11) of the Complaint.

14. On or about August 11, 2007, the Defendant, Kone, Inc., was contracted by the Co-Defendant, Massachusetts Port Authority, for purposes of providing maintenance and/or repairs to the subject escalator, and area, where the Plaintiff was injured.

15. The Defendant, Kone, Inc., and/or their agents, servants and employees, owed a duty to the Plaintiff in their ownership, operation, management, supervision, inspection, maintenance, repair and/or control of the subject escalator where the Plaintiff was injured and, further, were negligent and careless so that a dangerous, defective, hazardous and unsafe condition was caused and permitted to exist.

16. The Defendant owed a duty of reasonable care to the Plaintiff in maintaining the subject escalator, and the area therein, in a reasonably safe condition and owed him a duty to inspect it, to discover dangerous and/or hazardous conditions, to repair any and all dangerous and/or hazardous conditions and owed him a duty to warn of dangerous and/or hazardous conditions.

17. The Defendant breached its duty of care, aforesaid, by negligently allowing a dangerous defect, of which they knew and/or should have known existed on the premises managed and/or controlled by them.

18. As a direct and/or proximate cause of the negligence and carelessness acts and/or omissions of the Defendant, and/or its agents, servants and employees, the Plaintiff suffered severe, permanent and debilitating injuries and/or disfigurement; suffered great pain and anguish; was obligated to undergo medical and other needed care and therapy for his injuries; was required to incur large expenses for the treatment of said injuries; was incapacitated from continuing in his usual course of conduct and activities and was otherwise permanently and severely damaged in his bodily movements, functions and activities.

WHEREFORE, the Plaintiff demands judgment against the Defendant, Kone, Inc., for damages, together with interest and costs of suit.

### DEMAND FOR JURY TRIAL

The Plaintiff demands a Trial by Jury on all issues.

Plaintiffs,
By their Attorney,

Stefani M. Field/BBO#656442
Gold, Albanese & Barletti
50 Congress Street-Suite 225
Boston, MA 02109
617-723-5118
617-367-8840-fax

DATED: 5/12/10

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF SUFFOLK | DOCKET NO. 10 1929D |
|---|---|---|
| **PLAINTIFF(S)** Augusto Santos | **DEFENDANT(S)** Massachusetts Port Authority and Kone, Inc. | |

Plaintiff Atty: Stefani M. Field, Esq.
Address: 50 Congress Street, Suite 225
City: Boston  State: MA  Zip Code: 02109
Tel: +1 (617) 723-5118  BBO#: 656,442

Type Defendant's Attorney Name
Defendant Atty:
Address:
City:  State:  Zip Code:

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

CODE NO.  TYPE OF ACTION (specify)  TRACK       IS THIS A JURY CASE?

B20 Personal Injury - slip & fall - Fast Track      [●] Yes  [○] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ........................... $ unknown
  2. Total doctor expenses ........................... $
  3. Total chiropractic expenses ..................... $
  4. Total physical therapy expenses ................ $
  5. Total other expenses (describe) ................. $
     Subtotal $
B. Documented lost wages and compensation to date $
C. Documented property damages to date $
D. Reasonably anticipated future medical expenses $ unknown
E. Reasonably anticipated lost wages and compensation to date $
F. Other documented items of damages (describe) $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   The Plaintiff was caused serious injury, including a fractured arm and facial lacerations as a result of the Defendants failure to maintain their property in a reasonably safe condition. Defendant's negligently allowed a dangerous defect/hazardous condition to exist.      Total $ 75,000.00+

RECEIVED MAY 13 2010 SUPERIOR COURT - CIVIL MICHAEL JOSEPH DONOVAN CLERK / MAGISTRATE

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   Date: 5/12/10
A.O.S.C. 3-2007