UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AUGUSTO SANTOS, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MASSACHUSETTS PORT AUTHORITY, )<br>AND KONE, INC. )<br>)<br>Defendants, )<br>)<br>v. )<br>)<br>HURLEY OF AMERICA, LLC )<br>AND HARTFORD FIRE INSURANCE CO.)<br>) | Civ. No. 1:10-cv-10971-NMG<br><br>**LEAVE TO FILE GRANTED ON MARCH 18, 2011** |

## THIRD PARTY COMPLAINT

*The Parties*

1. Defendant and third party plaintiff Massachusetts Port Authority ("Massport") is an independent public authority of the Commonwealth of Massachusetts, created by act of the legislature in 1956 to own and operate, among other things, Boston Logan International Airport ("Logan Airport"). Massport is located at One Harborside Drive in East Boston, Massachusetts.

2. Third party defendant Hurley of America LLC ("Hurley") is a Massachusetts corporation located at 41 Montvale Avenue, Stoneham, Massachusetts.

3. Third party defendant Hartford Fire Insurance Company ("Hartford") is an insurance company formed under the laws of the State of Connecticut with a principal place of business at One Hartford Plaza, Hartford, Connecticut.

*Massport's Contract with Hurley*

4. Massport and Hurley are parties to a Building Cleaning Services Contract, MPA Contract L-7879, as amended (the "Services Contract"). Exhibit A – Relevant, redacted excerpts from the Services Contract. Pursuant to the Services Contract, Hurley agreed to provide building cleaning services in various areas of Logan Airport including Terminal E. Id. at p. 1.

5. The Services Contract was in effect from February 9, 2003 through June 30, 2006. It was extended by amendment until September 2008. Exhibit A at pp.1, Amendment L-7879(E) at p. 1.

6. The Services Contract, as amended, is a performance-based cleaning contract that provides that Hurley "shall perform all services in a workmanlike manner and shall conform to the highest standard of performance recognized by custom and usage in the industry. All areas and items will be cleaned on an 'as needed' basis as determined by Massport." Exhibit A at L7879(C), p. 1 and "Exhibit A" to L-7879 at p. 42b, et seq.

7. At all relevant times, the Services Contract required Hurley to clean the escalators in Terminal E, as needed, and pick up spillage. Id.

8. The Services Contract also required Hurley to defend, indemnify and hold harmless Massport "from and against all…suits…based upon or arising out of the acts, omissions, negligence or operations of [Hurley], its employees, agents, contractors or subcontractors related to [Hurley's] performance of work under this Contract." Exhibit A at L-7879, p. 8.

9. In addition, the Services Contract required Hurley to obtain general liability insurance coverage in the amount of $5,000,000 and to name Massport as an additional insured on its general liability insurance policy. Id.

10. Massport is named as an additional insured on Hurley's commercial general liability insurance policy with Hartford, policy no. 41UUNIQ8186. Exhibit B – Certificate of Liability Insurance.

*Plaintiff's Claim*

11. On or about May 12, 2010, plaintiff Augusto Santos filed this lawsuit against Massport and Kone, Inc. claiming that he was injured on August 11, 2007 when he slipped and fell down an escalator located in Terminal E at Logan Airport. Exhibit C – Plaintiff's Complaint and Demand for Jury Trial.

12. While plaintiff's complaint does not state with certainty what caused him to fall, after filing his suit, plaintiff's attorney confirmed plaintiff slipped on a wet substance on the escalator. Exhibit D – September 2, 2010 letter to Hurley of America and The Hartford.

13. Plaintiff claims Massport was negligent in allowing a dangerous, defective, hazardous and unsafe condition to exist on its premises. Exhibit C – Complaint.

14. Massport denied all of plaintiff's allegations against it.

*Massport's Defense Tender to Hurley and Hartford*

15. At the time of plaintiff's alleged fall, pursuant to the Services Contract, Hurley was obligated to clean and pick up any spillage, as needed, on the escalator on which plaintiff claims he fell.

16. Therefore, on or about September 2, 2010, Massport sent a notice of claim and demand for indemnification and defense to Hurley and Hartford (the "defense tender"). A copy of the defense tender is attached hereto as Exhibit D (w/o exhibits).

17. To date, Massport has not received any response to its letter.

18. Hurley has failed to defend and indemnify Massport in violation of the terms of the Services Contract.

19. Hartford has failed to treat Massport as an additional insured in violation of its obligations under Hurley's commercial general liability insurance policy, No. 41 UUNIQ8186.

## COUNT I
### Breach of Contract Against Hurley

20. Massport repeats and realleges paragraphs 1 through 19 of its third party complaint as if fully set forth herein.

21. Hurley has breached the Services Contract by, *inter alia*, failing to defend, indemnify and hold Massport harmless in this litigation.

22. As a direct and proximate result of result of Hurley's breach, Massport has incurred and continues to incur damages.

WHEREFORE, Massport seeks judgment against Hurley and in favor of Massport in the amount of Massport's damages together with attorney's fees, costs, and interest

## COUNT II
### Express Contractual Indemnification against Hurley

23. Massport repeats and realleges paragraphs 1 through 22 of its third party complaint as if fully set forth herein.

24. Massport denies any and all liability to plaintiff and says that, to the extent plaintiff was injured, as he alleges, such injury was the direct and proximate result of Hurley's negligence.

25. If Massport is found liable, such liability being specifically denied, then it is entitled to full indemnification from Hurley pursuant to the terms of the Services Contract.

WHEREFORE, Massport seeks judgment against Hurley in the full amount of any sums it pays or is ordered to pay plaintiff, together with interest, costs, and fees.

## COUNT III
### Common Law Indemnification against Hurley

26. Massport repeats and realleges paragraphs 1 through 25 of its third party complaint as if fully set forth herein.

27. Massport denies any and all liability to plaintiff and says that, to the extent plaintiff was injured, as he alleges, such injury was the direct and proximate result of Hurley's negligence.

28. If Massport is found liable, such liability being specifically denied, then it is entitled to common law indemnification where it is vicariously liable solely as a result of the actual negligence of Hurley.

29. If Massport is found liable, such liability being specifically denied, then it is entitled to common law indemnification where its liability, if any, is slight as compared to the negligence of Hurley.

WHEREFORE, Massport seeks judgment against Hurley in the full amount of any sums it pays or is ordered to pay plaintiff, together with interest, costs, and fees.

## COUNT IV
## Contribution against Hurley

30. Massport repeats and realleges paragraphs 1 through 29 of its third party complaint as if fully set forth herein.

31. Massport denies any and all liability to plaintiff and says that, to the extent plaintiff was injured, as he alleges, such injury was the direct and proximate result of Hurley's negligence. If Massport is liable to plaintiff, then Hurley is a joint tortfeasor and Massport is entitled to contribution from it.

WHEREFORE, Massport seeks judgment against Hurley for its pro rata share of the entire liability to plaintiff, together with interest, costs, and fees.

## COUNT V
## Breach of Contract Against Hartford Fire Insurance Co.

32. Massport repeats and realleges paragraphs 1 through 31 of its third party complaint as if fully set forth herein.

33. Hartford has breached the terms of its insurance agreement, policy number 41UUNIQ8186, which identifies Massport as an additional insured, by failing to defend and indemnify Massport up to the policy limits.

34. As a direct and proximate result of result of Hartford's breach, Massport has incurred and continues to incur damages.

WHEREFORE, Massport seeks judgment against Hartford and in favor of Massport in the amount of Massport's damages together with attorney's fees, costs, and interest

## JURY CLAIM

MASSACHUSETTS PORT AUTHORITY HEREBY MAKES A CLAIM FOR A TRIAL BY JURY ON ITS THIRD PARTY CLAIMS AGAINST HURLEY OF AMERICA, LLC AND HARTFORD FIRE INSURANCE COMPANY.

MASSACHUSETTS PORT AUTHORITY

By its attorneys,

/ s / Kristin M. Knuuttila
Walter B. Prince, BBO #406640
wprince@princelobel.com
Kristin M. Knuuttila, BBO #633828
kknuuttila@princelobel.com
**PRINCE, LOBEL, GLOVSKY & TYE LLP**
100 Cambridge Street, Suite 2200
Boston, MA 02114

Date: March 15, 2011            (617) 456-8000